UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Weston J. Stow</u>

    v.                                      Case No. 21-cv-156-JL

<u>Warden, Northern New Hampshire</u>
<u>Correctional Facility</u>

**<u>Report and Recommendation</u>**

Weston J. Stow, proceeding pro se, brings a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the decision of the New Hampshire Adult Parole Board to parole him to consecutive sentences instead of releasing him from prison on parole. Stow's claims are based on his interpretation of RSA 651-A:6, II, which he acknowledges is contrary to the interpretation given by the New Hampshire Supreme Court. He asks this court to overrule the governing decisions of the New Hampshire Supreme Court, apply his interpretation of RSA 651-A:6, II, and grant his petition under § 2254.

<u>Standard of Review</u>

The § 2254 petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Therefore, under Rule 4, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its fact." McFarland v. Scott, 512 U.S. 849, 856 (1994).

## Background

In addition to his petition (document no. 2) and the attached exhibits, Stow has filed an additional memorandum of law in support of his petition (document no. 13) and a "Motion Inviting the Court to Overrule Petition of Warden (State v. Roberts)" (document no. 15). The court has considered Stow's filings together for purposes of preliminary review.

Stow was convicted in December of 1990, following a jury trial, on one count of kidnapping, six counts of aggravated felonious sexual assault, and one count of attempted aggravated felonious sexual assault. State v. Stow, 136 N.H. 598, 600 (1993). He received sentences of three and a half to seven years on the kidnapping conviction to be served concurrently with two sentences of seven and one half to fifteen years for aggravated felonious sexual assault. He received sentences of seven and a half to fifteen years on the remaining five convictions for aggravated felonious sexual assault to be served consecutively. Doc. 2-1, at *71-73.

Because Stow had to finish serving a sentence in Massachusetts, he began serving his New Hampshire sentences in 2003. Stow states that he was granted parole on his concurrent sentences, but instead of being released, he was paroled into the sequence of consecutive sentences based on the prevailing interpretation of RSA 651-A:6, II, that the statute does not apply to eligibility for parole. See, e.g., Petition of Warden (State v. Roberts), 168 N.H. 9 (2015).

Stow brought a petition for a writ of habeas corpus in state court, arguing that he was entitled to release from prison based on his interpretation of RSA 651-A:6, II, which is contrary to the interpretation of the statute by New Hampshire courts. The state moved to dismiss based on New Hampshire Supreme Court cases that interpreted RSA 651-A:6, II to apply to the calculation of the duration of parole not to eligibility for parole. Doc. 2-1, at *76-78 (citing and discussing Blackstock v. Exec. Asst., Adult Prole Bd, No. 2014-0720, 2-016 4103620 (N.H. June 9, 2016) and State v. Martin, no. 2018-0063, 2018 WL 4940852 (N.H. Sept. 14, 2018)). The state court granted the motion to dismiss on the ground that the court agreed with the interpretation of RSA 651-A:6, II provided by the New Hampshire Supreme Court in Blackstock v. Exec. Asst., Adult Prole Board, 2016 WL 4103620. Doc. 2-1, at *21. The New Hampshire Supreme

Court declined the notice of appeal.  Doc. no. 8-1.

Stow has not been released from prison on parole.  Instead, he continues to serve the consecutive sentences.

## Discussion

Before bringing a petition for a writ of habeas corpus under § 2254, the petitioner must exhaust the remedies available in state court.  § 2254(b).  A petition may only be granted when either the state court's decision on the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d).  When, as here, a prisoner brings a petition under § 2254 in which he challenges the legal basis for a state's parole determination, the court must focus first on whether the prisoner has alleged a claim that implicates a federal right.  Swarthout v. Cooke, 562 U.SA. 216, 221-22 (2011).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  For that

4

reason, prisoners do not have a "liberty right" to parole under federal law.  Ainsworth v. Stanley, 317 F.3d 1, 5 (1st Cir. 2002).  Further, there is no right to parole under New Hampshire law because parole is a privilege.  Petition of Warden (State v. Roberts), 168 N.H. 9, 14 (2015); see also Ainsworth, 317 F.3d at 5.  Therefore, New Hampshire prisoners have no liberty interest in parole, and the denial of parole before the expiration of the prisoner's full sentence does not implicate the prisoner's due process rights.[1]  Higgins v. Blaisdell, 2012 WL 2523404, at *6 (D.N.H. Feb. 1, 2012).

Stow brings no claim that he is in custody pursuant to a state court judgment that is in violation of the federal constitution or federal law.  He does not argue that the state court decisions are contrary to federal law or involved an unreasonable application of federal law.  Instead, his petition is based entirely on his interpretation of New Hampshire law, RSA 651-A:6, II, which has been rejected by the New Hampshire Supreme Court.  A § 2254 petition is legally insufficient when it is based on state law rather than federal law.  Wilson v. Corcoran, 562 U.S. 1, 16 (2010) ("But it is only noncompliance

---

[1] In contrast, once a prisoner is released on parole, he has a liberty interest in the new status of conditional release. Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); see also Spencer v. Pollard, 19-cv-561, 2019 WL 3281627, at *2 (E.D. Wis. June 21, 2019); Haney v. Muniz, LA CV 17-05040VBF-JC, 2017 WL 3326448, at *1 (C.D. Cal. August 2, 2017); Garner v. Harry, 09-cv-656, 2009 WL 2370781, at *5 (W.D. Mich. July 30, 2009).

Stow's motion asking the court to overturn the New Hampshire Supreme Court's decision in In re Warden (document no. 15) is similarly baseless. This court is bound by the New Hampshire Supreme Court's interpretation of state law and has no authority to review that decision. Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Therefore, the motion should be denied.

## Conclusion

For the foregoing reasons, Stow's petition for a writ of habeas corpus pursuant to § 2254 should be dismissed under Rule 4 because it is plain that he is not entitled to relief in this court.

His motion inviting the court to overturn In re Warden (document no. 15) should be denied.

Further, because Stow has not made a substantial showing of the denial of a constitutional right, the court should not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 15, 2021

cc:  Weston J. Stow, pro se